UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICARDO AGOSTO, on behalf of himself and all     Docket No.:
others similarly-situated,

                            Plaintiffs,     **COMPLAINT**

         -against-

                                                             Jury Trial Demanded

15-21 CROOKE, LLC and ABE KAHAN, in his
individual and professional capacities

                            Defendants.
-------------------------------------------------------------------X

       RICARDO AGOSTO ("Plaintiff"), on behalf of himself and all others similarly-situated ("FLSA Plaintiffs") by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against 15-21 CROOKE, LLC and ABE KAHAN, in his individual and professional capacities (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

       1.     This is a civil action based upon flagrant and willful violations committed by the Defendants of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law §652(1); (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate

1

information on each pay day, N.Y. Lab. Law § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a building superintendent and laborer performing maintenance work and repairs in Defendants' buildings from May of 1994 until his termination in March of 2014. Throughout his employment, as described below, Defendants required Plaintiff to be available twenty-four hours a day, seven days a week. However, Defendants failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required overtime or minimum wage rates of pay, for each hour that Plaintiff worked per week in excess of forty as required by the FLSA, the NYLL, and the NYCCRR. In addition, Defendants failed to furnish Plaintiff with accurate and/or complete wages statements as required by the NYLL.

3. The Defendants paid and treated all of their non-managerial, hourly employees in this manner.

4. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

7. At all relevant times herein, Plaintiff, a former employee of Defendants, is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and NYCCRR.

8. At all relevant times herein, Defendant 15-21 Crooke, LLC ("Crooke") is a New York limited liability company with its principal place of business located at 5712 New Utrecht Avenue, Brooklyn, New York 11219. Crooke owns several residential properties in the State of New York. For each building that it owns, Crooke employs superintendents and other laborers to perform maintenance and cleaning work on the residential properties.

9. At all relevant times herein, Defendant Abe Kahan ("Kahan") is the owner and operator of Crooke, who maintains his primary office at 5712 New Utrecht Avenue, Brooklyn, New York 11219.

10. At all relevant times herein, all of the above-listed Defendants qualified as Plaintiff's "employers" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, the Defendants' qualifying annual business exceeds $500,000 and the Defendants are enterprises engaged in interstate commerce within the meaning of the FLSA as they provide services and utilize goods having travelled in interstate commerce, the combination of which subjects the Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, are individually engaged in interstate commerce, as they all handle goods and work with tools and other supplies that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff seeks to bring this suit to recover from Defendants minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, perform or performed any work for Defendants in any of Defendants' locations as non-managerial employees, and who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs")

12.     Plaintiff is similarly situated to all such individuals because, while employed by Defendants, he and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of forty hours per work-week; were not paid the required one and one-half times their respective regular rates of pay for overtime hours worked; and/or were not paid minimum wages for hours worked in excess of forty hours per week.

13.     Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs minimum wage for all hours worked each workweek, as well as one and one-half times their respective regular rates of pay for all hours worked over forty.  However, the Defendants willfully and explicitly chose not to abide by the law.

## BACKGROUND FACTS

14.     Crooke manages several real properties in the State of New York, including the building located at 15 Crooke Avenue in Brooklyn, New York.

15. Kahan is the owner and/or manager of Crooke, and is the individual responsible for the management of the buildings owned by Crooke, including the building located at 15 Crooke Avenue in Brooklyn, New York.

16. Kahan was responsible for setting Plaintiff's rate of pay, work schedule, job duties, and all other terms and conditions of Plaintiff's employment.

17. Plaintiff commenced his employment with Defendants as a building superintendent at 15 Crooke Avenue, Brooklyn, New York 11226 in May of 1994, and worked in that capacity until his termination in March of 2014.

18. Plaintiff's responsibilities included ensuring the safety and cleanliness of the residential apartment building located at 15 Crooke Avenue and in several other buildings owned by Defendants, as well as performing maintenance in the apartments and buildings themselves. This work included ensuring the cleanliness of the common areas of the building, responding to tenant complaints and concerns, repairing and painting walls, doors, and ceilings; installing and repairing cabinets, sinks, and other fixtures; and various electrical and plumbing repairs and installations for the apartments located in the buildings.

19. As the building superintendent, Plaintiff lived and worked out of one of Defendants' buildings. In this capacity, Defendants required Plaintiff to be available twenty-four hours a day, seven days a week. As a result, adding up those hours, Defendants required Plaintiff to work or be engaged to wait to work, and Plaintiff did in fact work or was engaged to wait to work, 168 hours per week.

20. For his services, the Defendants paid Plaintiff $15.00 per hour for the first forty hours worked per week.

21. The Defendants did not compensate Plaintiff at any rate of pay, let alone at either the statutorily required minimum wage rate for each hour worked, or statutorily-required overtime rate of one and one-half times his standard rate of pay for any and all hours that Plaintiff worked per week in excess of forty.

22. In addition, on each weekly pay day, Defendants failed to provide Plaintiff with statements of hours or wages at the time of payroll that accurately reflected the amount of hours that he worked or the accurate rate of pay for each hour worked per work week.

23. All of Defendants' employees, including FLSA Plaintiffs, worked similar hours to Plaintiff, were not compensated at the legally mandated overtime rate for hours worked per week in excess of forty, were not compensated with the minimum wage for each hour worked, and were not provided with accurate and complete wage statements on each payday.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Unpaid Overtime Wages under the FLSA)*

24. Plaintiff and FLSA Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

26. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

27. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

28. The Defendants' actions were in willful violation of the FLSA.

29. Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their standard rate of pay.

30. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Unpaid Minimum Wages under the FLSA)*

31. Plaintiff and FLSA Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked. For the time period of Plaintiff's employment with Defendants after July 24, 2009, the minimum wage under the FLSA was $7.25 per hour.

33. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

34. As also described above, for all hours that Plaintiff and FLSA Plaintiffs worked per week in excess of forty, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at any rate of pay, which means that they compensated Plaintiff and FLSA Plaintiffs at an hourly rate less than the minimum required by the FLSA.

35. The Defendants' actions were in willful violation of the FLSA.

36. Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that they were legally due under the FLSA's minimum wage provisions for these hours worked.

37. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

## **THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Unpaid Overtime under the NYLL and NYCCRR)*

38. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

40. As described above, all Defendants are employers within the meaning of the NYLL while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

41. As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff, and any FLSA Plaintiff who opts-in to this action, in accordance with the NYLL's and NYCCRR's overtime provisions.

42. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

43. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his standard rate of pay.

44. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Unpaid Minimum Wages under the NYLL and NYCCRR)*

45. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. N.Y. Lab. Law § 652(1) and NYCCRR tit. 12, § 141-1.3 prescribe a minimum wage that employers must pay to their employees for each hour worked. For the period of Plaintiff's employment with Defendants prior to July 24, 2009, the minimum wage under the NYLL and NYCCRR was $7.15 per hour. For the period of Plaintiff's employment with Defendants from July 24, 2009 to December 31, 2013, the minimum wage under the NYLL and NYCCRR was $7.25 per hour. For the period of Plaintiff's employment with Defendants after December 31, 2013, the minimum wage under the NYLL and NYCCRR was $8.00 per hour.

47. As described above, all Defendants are employers within the meaning of the NYLL and NYCCRR while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and NYCCRR.

48. As also described above, for all hours that Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked per week in excess of forty, the Defendants did not compensate Plaintiff, and any FLSA Plaintiff who opts-in to this action, at any rate of pay, which obviously means that they compensated Plaintiff, and any FLSA Plaintiff who opts-in to this action, for those hours at an hourly rate less than the minimum required by the NYLL and NYCCRR.

49. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

50. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that they were legally due under the NYLL and NYCCRR's minimum wage provisions for these hours worked.

51. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Furnish Proper Wage Statements in Violation of the NYLL)*

52. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

54. As described above, the Defendants willfully failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage statements containing all of the criteria required under the NYLL.

55. Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each failure of this sort.

56. For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, for liquidated damages and attorneys' fees.

### DEMAND FOR A JURY TRIAL

57. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws and supporting regulations;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and New York Labor Law;

e. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

g. Pre-judgment and post-judgment interest, as provided by law; and

h. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
April 25, 2014

          Respectfully submitted,

          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiff*
          655 Third Avenue, Suite 1821
          New York, New York 10017
          Tel. (212) 679-5000
          Fax. (212) 679-5005

By:   /S/ Anthony P. Malecki, Esq.
       ANTHONY P. MALECKI (AM 5207)
       ALEXANDER T. COLEMAN (AC 8151)
       MICHAEL J. BORRELLI (MB 8533)